1  LAWRENCE G. BROWN
   Acting United States Attorney
2  BENJAMIN B. WAGNER
   SEAN C. FLYNN
3  Assistant U.S. Attorneys
   501 "I" Street, Suite 10-100
4  Sacramento, California  95814
   Telephone:  (916) 554-2700



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 2 09 - CR - 0034 LKK |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 1343 - Wire Fraud (two counts); 26 U.S.C. § 7206(1) - Making and Subscribing to a False Tax Return; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| v. | |
| ANTHONY RAY MANUEL, | |
| Defendant. | |

I N F O R M A T I O N

COUNTS ONE AND TWO:  [18 U.S.C. § 1343 - Wire Fraud]

The United States Attorney charges:

ANTHONY RAY MANUEL,

defendant herein, as follows:

I. BACKGROUND

1.  At all relevant times alleged in this Information Morning Star Packing Company ("Morning Star") was a California limited partnership, with its principal places of business in Los Banos, California, and Williams, California.  Morning Star is a manufacturer and marketer of bulk tomato products and it distributes those products in both national and international

1  markets.

2  2.  At all relevant times alleged in this Information,
3  defendant ANTHONY RAY MANUEL ("MANUEL") resided in Merced County,
4  California and was employed as a sales representative for Morning
5  Star, working primarily out of Morning Star's Los Banos facility.
6  In his role as a sales representative, MANUEL was responsible for
7  handling all manner of relations between Morning Star and certain
8  of its domestic and international customers, including
9  negotiating terms of sale, executing contracts, extending credit,
10 negotiating write-offs or adjustments and handling collections.

11 3.  At all relevant times alleged in this Information
12 Trademore International, LLC ("Trademore") was a California
13 limited liability company.  Defendant ANTHONY RAY MANUEL
14 organized Trademore in 2003 as a shell corporation.  Trademore
15 possessed no assets and conducted no business.  During the
16 relevant period, MANUEL owned and operated Trademore out of his
17 home in Turlock, California.

18 4.  At all relevant times alleged in this Information
19 Alimentos del Fuerte S.A. de C.V. ("del Fuerte") was an
20 international company with a principal place of business in
21 Mexico.  del Fuerte was a manufacturer of canned tomatoes,
22 dehydrated vegetables, tomato concentrate, sauces and coffee.
23 del Fuerte was a customer of Morning Star, and the del Fuerte
24 customer account was handled by defendant ANTHONY RAY MANUEL.
25 / / / /
26 / / / /
27 / / / /
28

## II. THE SCHEME TO DEFRAUD

5.   Beginning in or about November 2003, and continuing until in or about January 2005, in the State and Eastern District of California and elsewhere, defendant ANTHONY RAY MANUEL did devise and intend to devise a scheme and artifice to defraud his employer Morning Star Packing Company, a California limited partnership, and to obtain money from it by means of materially false and fraudulent pretenses, representations and promises, by divesting customer payments to himself, and to conceal said scheme.

## III. MANNER AND MEANS

The manner and means by which the wire fraud scheme was accomplished are set out below:

6.   In 2003, defendant ANTHONY RAY MANUEL organized Trademore and began operating the company out of his home in Turlock, California. On October 3, 2003, MANUEL opened Citibank FSB account number XXX647477 in the name of "Trademore International LLC."

7.   Between November 2003 and January 2005, defendant ANTHONY RAY MANUEL, as the sole Morning Star representative servicing the del Fuerte account, was responsible for all aspects of that account, to include managing account balances and directing customer payments to Morning Star.

8.   Prior to November 2003, and in the normal course, del Fuerte directed payment for outstanding Morning Star obligations to a Morning Star account at Wells Fargo bank. In November 2003, however, defendant ANTHONY RAY MANUEL instructed del Fuerte to begin directing payments owed to Morning Star to Trademore's

Citibank FSB account number XXX647477, telling del Fuerte that directing funds to Trademore would make it easier for Morning Star to apply the payments. As such, MANUEL falsely represented to del Fuerte that the full value of its payments to Trademore would be used to satisfy its outstanding obligations to Morning Star.

9. Based on defendant ANTHONY MANUELS' false representations, del Fuerte directed numerous wire payments to Trademore's Citibank account rather than to Morning Star's bank account over the course of the next fifteen months, believing the full amount of those payments were being applied to satisfy outstanding del Fuerte obligations to Morning Star. MANUEL caused certain funds wired to Trademore by del Fuerte to be directed to Morning Star's Wells Fargo bank account. MANUEL did not deliver the full amount of the del Fuerte funds to Morning Star, however. Instead, without Morning Star's knowledge or permission, MANUEL caused amounts intended for Morning Star to be diverted to his personal bank account, or to bank accounts controlled by him.

## IV. THE INTERSTATE WIRE COMMUNICATIONS

10. On or about the dates listed below, and for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, defendant ANTHONY RAY MANUEL, in the Eastern District of California and elsewhere, did knowingly transmit, and cause to be transmitted by means of wire communications in interstate or foreign commerce, the writing, signs, signals and communications described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | 11/24/2003 | Wire transfer of funds in the amount of $483,620.63 from Alimentos del Fuerte S.A. de C.V. in Mexico to Trademore International LLC bank account in the Eastern District of California |
| TWO | 10/7/2004 | Wire transfer of funds in the amount of $523,813.22 from Alimentos del Fuerte S.A. de C.V. in Mexico to Trademore International LLC bank account in the Eastern District of California |

All in violation of Title 18, United States Code, Section 1343.

COUNT THREE: [26 U.S.C. § 7206(1) - Making and Subscribing to a False Tax Return]

The United States Attorney further charges THAT:

ANTHONY RAY MANUEL

defendant herein, on or about April 12, 2004, in the State and Eastern District of California, did willfully make and subscribe to a 2003 joint U.S. Individual Income Tax Return, Form 1040, which was verified to be true and correct by a written declaration that it was made under the penalties of perjury, and was filed with the Internal Revenue Service, which said tax return the defendant did not believe to be true and correct as to every material matter, in that the tax return falsely showed a taxable income of $132,080.40 whereas in truth and in fact, as he well knew and believed, his taxable income was substantially in

/ / / /
/ / / /

excess of that amount, all in violation of Title 26, United States Code, Section 7206(1).

<u>FORFEITURE ALLEGATION</u>: [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)- Criminal Forfeiture]

The United States Attorney further charges THAT:

As a result of the offenses alleged in Counts One and Two of this Information, defendant ANTHONY RAY MANUEL shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant ANTHONY RAY MANUEL -

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold, or deposited with, a third person;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has substantially diminished in value; or

  (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the property subject to forfeiture, including but not limited to:

///

(a) All funds in a Well Fargo Investments Brokerage IRA account in the name of Anthony Manuel, account # 7633-2169, any related account to which funds in such IRA account have been transferred.

DATE: January 22, 2009

LAWRENCE G. BROWN
Acting United States Attorney

By: *Sean C. Flynn*
BENJAMIN B. WAGNER
SEAN C. FLYNN
Assistant U.S. Attorneys

## PENALTY SLIP

**ANTHONY RAY MANUEL,**

**COUNTS 1 and 2**
VIOLATION:   18 U.S.C. § 1343 - Wire Fraud
PENALTY:     Not More Than 20 Years, or
             Not more than $250,000.00 fine, or Both
             TSR 3 years

**COUNT 3**
VIOLATION:   26 U.S.C. § 7206(1) - Making and Subscribing to a False Tax Return
PENALTY:     Not More Than 3 Years, or
             Not more than $250,000.00 fine, plus the costs of prosecution, or both
             TSR 1 year

**FORFEITURE ALLEGATION:**
VIOLATION:   Forfeiture of real or personal property as outlines in 18 U.S.C. § 981(a)(1)( c)– and 28 U.S.C. § 2461( c)

ASSESSMENT:  $100.00 special assessment (each count)